Heather C. Barden, WSBA #49316
Barden & Barden
PO Box 8663
Spokane, WA 99203
Ph: (509) 315-8089
heather@bardenandbarden.net

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON – SPOKANE

| | |
|---|---|
| JOANN WAITE, an individual<br><br>      Plaintiff,<br><br>vs.<br><br>GONZAGA UNIVERSITY, a nonprofit corporation<br><br>      Defendant. | Case No. 2:17-cv-416-SAB<br><br>PLAINTIFF'S AMENDED WITNESS LIST |

  Plaintiff, through their attorney of record, Heather C. Barden of Barden & Barden, provide the following list of lay and expert witnesses:

PLAINTIFF'S AMENDED WITNESS LIST - 1



# LAY WITNESSES

**1. Plaintiff Joann Waite**:

Ms. Waite may testify regarding her interaction with employees at Gonzaga University ("Gonzaga") in relation to her legal claims against Gonzaga.

**2. Angela Swan, former Benefits and Accommodation Specialist for Gonzaga:**

Ms. Swan may testify regarding her interactions with Ms. Waite in establishing Ms. Waite's ergonomic accommodations and the rescinding of Ms. Waite's ergonomic accommodations. Ms. Swan may testify to her interactions with Ms. Waite regarding her service dog Maddie. Ms. Swan may testify to her interactions with Ms. Waite regarding her second L&I claim in February 2017, and Ms. Swan's reports to L&I regarding Ms. Waite's L&I claim in February 2017. Ms. Swan may testify to interactions (and inactions) with Ms. Waite regarding her complaints of pain after being issued an ill-fitting desk and chair after her ergonomic workstation equipment was confiscated by Ms. Swan.

**3. Christine Purviance, Director of Equity and Inclusion at Gonzaga**:

Ms. Puriviance may testify regarding her interactions with Ms. Waite regarding placing her on compulsory administrative leave for using Gonzaga's printer, parking in the Crosby visitor parking, having Maddie at work, Ms. Waite use of "Maddie (The Bulldog of Gonzaga)" Facebook page, etc. Ms. Purviance may testify to the extension of Ms. Waite's compulsory administrative leave after Ms. Waite complained of discriminatory behavior to herself and other employees at Gonzaga. Ms. Purviance may testify to interactions (and inactions) with Ms. Waite regarding her complaints of pain after being issued an ill-fitting desk and chair after her ergonomic workstation equipment was confiscated by Ms. Swan. Ms. Purviance may testify to situations that constitute placing employees at Gonzaga on administrative leave.

**4. Ron Large, Associate Academic Vice President of Religious Studies at Gonzaga:**



Mr. Large may testify regarding his interactions with Ms. Waite regarding placing her compulsory administrative leave for using Gonzaga's printer, parking in the Crosby visitor parking, having Maddie at work, Ms. Waite use of "Maddie (The Bulldog of Gonzaga)" Facebook page, etc. Mr. Large may testify to the extension of Ms. Waite's compulsory administrative leave after Ms. Waite complained of discriminatory behavior to herself and other employees at Gonzaga. Mr. Large may testify to his interactions (and inactions) with Ms. Waite regarding her ergonomic accommodation while she was employed at Gonzaga; her complaints to Mr. Large of women over 40 years old being discriminated and retaliated against at Gonzaga; and her complaints of discrimination to her by Gonzaga.

5. **Paul Bracke, Dean of the Library at Gonzaga**:

Mr. Bracke may testify to his interactions (and inactions) with Ms. Waite regarding her ergonomic accommodation while she was employed at Gonzaga; her complaints of women over 40 years old being discriminated and retaliated against at Gonzaga; and her complaints of discrimination to her by Gonzaga.  Mr. Bracke may testify to interactions (and inactions) with Ms. Waite regarding her complaints of pain after being issued an ill-fitting desk and chair after her ergonomic workstation equipment was confiscated by Ms. Swan. Mr. Bracke may testify regarding his interactions with human resources regarding information of Ms. Waite's complaints of pain with the ill-fitting desk and chair that was issued to her after her ergonomic workstation equipment was confiscated.

6. **Kirk Wood-Gaines, former Assistant Vice President of Human Resources at Gonzaga:**

Mr. Wood-Gaines may testify regarding his interactions with Ms. Waite, or other human resource employees, regarding placing Ms. Waite on compulsory administrative leave for using Gonzaga's printer, parking in the Crosby visitor parking, having Maddie at work, Ms. Waite use of "Maddie (The Bulldog of Gonzaga)" Facebook page, etc. Mr. Wood-Gaines may testify to the extension of Ms. Waite's compulsory administrative leave after Ms. Waite complained of discriminatory behavior to herself and other employees at Gonzaga. Mr. Wood-Gaines may testify to interactions (and inactions) with Ms. Waite regarding her complaints of pain after being issued an ill-fitting desk and chair after her ergonomic workstation equipment was confiscated by Ms. Swan. Mr. Wood-Gaines may testify to situations that

constituted placing employees at Gonzaga on administrative leave. Mr. Wood-Gaines testify to other departments that received ergonomic workstation equipment.

**7. Patricia O'Connell Killen, Former Academic Vice President of Gonzaga**:

Ms. Killen may testify regarding interactions with Ms. Waite, or other Gonzaga employees, regarding placing Ms. Waite on compulsory administrative leave for using Gonzaga's printer, parking in the Crosby visitor parking, having Maddie at work, Ms. Waite use of "Maddie (The Bulldog of Gonzaga)" Facebook page, etc. Ms. Killen may testify to the extension of Ms. Waite's compulsory administrative leave after Ms. Waite complained of discriminatory behavior to herself and other employees at Gonzaga. Ms. Killen may testify to interactions (and inactions) with Ms. Waite regarding her complaints of pain after being issued an ill-fitting desk and chair after her ergonomic workstation equipment was confiscated by Ms. Swan. Ms. Killen may testify to situations that constituted placing employees at Gonzaga on administrative leave. Ms. Killen testify to other departments that received ergonomic workstation equipment.

**8. Kathleen Hill, Sponsored Research and Programs ("SRP") Process Manager at Gonzaga**:

Ms. Hill may testify to witnessing Ms. Waite being discriminated and retaliated against in relation to Ms. Waite's legal claims against Gonzaga. Specifically, the compulsory administrative leave that Ms. Waite was placed on and Ms. Hill's complaints to human resources (specifically Ms. Purviance) regarding Gonzaga's adverse actions towards Ms. Waite, Ms. Hill, and others. Ms. Hill may testify to Ms. Waite receiving an ill-fitting desk and chair after Ms. Waite's ergonomic workstation equipment was confiscated by Ms. Swan.

**9. Diane Farrell, Program Coordinator at SRP at Gonzaga**:

Ms. Farrell may testify to witnessing Ms. Waite being discriminated and retaliated against in relation to Ms. Waite's legal claims against Gonzaga. Specifically, the compulsory administrative leave that Ms. Waite was placed on and Ms. Farrell's complaints to human resources (specifically Ms. Purviance) regarding Gonzaga's adverse actions towards Ms. Waite. Ms.

PLAINTIFF'S AMENDED WITNESS LIST - 4



Farrell may testify to Ms. Waite receiving an ill-fitting desk and chair after Ms. Waite's ergonomic workstation equipment was confiscated by Ms. Swan. Ms. Farrell may testify to other departments that received ergonomic workstation equipment.

**10. Faith Gilbert, Institutional Review Board Compliance Coordinator at Gonzaga:**

Ms. Gilbert may testify to witnessing Ms. Waite being discriminated and retaliated against in relation to Ms. Waite's legal claims against Gonzaga. Specifically, the compulsory administrative leave that Ms. Waite was placed on and Gonzaga's adverse actions towards Ms. Waite. Ms. Gilbert may testify to Ms. Waite receiving an ill-fitting desk and chair after Ms. Waite's ergonomic workstation equipment was confiscated by Ms. Swan. Ms. Gilbert may testify to other departments, including herself, that received ergonomic workstation equipment.

**11. Laura A. "Susie" Prusch, former Director of Academic Events at Gonzaga:**

Ms. Prusch may testify regarding Gonzaga's policies during her employment at Gonzaga and discrimination as it relates to Ms. Waite's legal claims against Gonzaga.

**12. Summer Berry, former Head of Costuming/Marketing PR Coordinator/Adjunct Instructor of Theatre Arts & Dance at Gonzaga:**

Ms. Berry may testify regarding Gonzaga's policies during her employment at Gonzaga, and discrimination as it relates to Ms. Waite's legal claims against Gonzaga.

**13. Evan Waite**

Mr. Waite may testify to the emotional distress and pain and suffering Ms. Waite endured while employed at Gonzaga University, and to the discrimination and retaliation she suffered as it relates to her claims against Gonzaga University.

**14. Elly Waite-Schumacher**

PLAINTIFF'S AMENDED WITNESS LIST - 5

BARDEN & BARDEN

Elly Waite may testify to the emotional distress and pain and suffering Ms. Waite endured while employed at Gonzaga University, and to the discrimination and retaliation she suffered as it relates to her claims against Gonzaga University.

### 15. Rose Williamson

Ms. Williamson may testify to the emotional distress and pain and suffering Ms. Waite endured while employed at Gonzaga University, and to the discrimination and retaliation she suffered as it relates to her claims against Gonzaga University.

### 16. Benjamin Williamson

Mr. Williamson may testify to the emotional distress and pain and suffering Ms. Waite endured while employed at Gonzaga University, and to the discrimination and retaliation she suffered as it relates to her claims against Gonzaga University.

### 17. Sarah Williamson-Bernardo

Ms. Williamson-Bernardo may testify to the emotional distress and pain and suffering Ms. Waite endured while employed at Gonzaga University, and to the discrimination and retaliation she suffered as it relates to her claims against Gonzaga University.

### 18. Katie Smith-Williamson

Ms. Smith-Williamson may testify to the emotional distress and pain and suffering Ms. Waite endured while employed at Gonzaga University, and to the discrimination and retaliation she suffered as it relates to her claims against Gonzaga University.

## EXPERT WITNESSES

### 1. Robin M. Nagel, MS, CDMS

Ms. Nagel may testify relating to her qualifications and experience in human resources, specifically in relation to the ADA. Ms. Nagel may be called to testify regarding Defendant's behavior towards the Plaintiff in

PLAINTIFF'S AMENDED WITNESS LIST - 6


BARDEN & BARDEN

relation normal human resource industry standards. Ms. Nagel may also testify to any other subjects or opinions referenced in her report and/or subsequent deposition testimony, including reasonable inferences that may arise.

**2. Erick West, M.A.:**

Mr. West may testify relating to his qualifications and experience as a forensic economist. Mr. West may be called to testify regarding Plaintiff's damages related to the present case. Mr. West may also testify to any other subjects or opinions referenced in his report and/or subsequent deposition testimony, including reasonable inferences that may arise.

**3. Ceclia Lauder, MD:**

Dr. Lauder is a treating doctor of Plaintiff's and has been since her first Labor and Industries (L&I) claim through Defendant in 2013. Dr. Lauder may be called to testify regarding the delay in 2013/2014 for the Plaintiff's needed ergonomic accommodation as requested by Dr. Lauder. Dr. Lauder may be called to testify regarding the delay in Plaintiff getting her accommodation in 2016/2017, after the Defendant confiscated the accommodation in September 2016. Dr. Lauder may testify to Defendant's retaliation regarding Plaintiff's 2017 L&I claim through Defendant. Dr. Lauder may testify to Plaintiff's compounded depression, anxiety, and health related to her work environment at Gonzaga. Discovery has not been conducted to this witness, therefore the Plaintiff reserves the right to solicit testimony from Dr. Lauder as to any matter within the realm of her expertise that is reasonably related to the issues pending in this lawsuit.

**4. Sonya Wood, PhD Licensed Psychologist:**

Dr. Wood is a treating doctor of Plaintiff's and has been since May 2017. Dr. Wood may testify to Plaintiff's compounded depression, anxiety, and health related to her work environment at Gonzaga. Dr. Wood may be called to testify regarding her letter dated April 18, 2018 advising that the Plaintiff not return to Gonzaga for employment due to the negative impact on Plaintiff's psychological health. Discovery has not been conducted to this witness, therefore the Plaintiff reserves the right to solicit testimony from Dr. Wood as to any matter within the realm of her expertise that is reasonably related to the issues pending in this lawsuit.

PLAINTIFF'S AMENDED WITNESS LIST - 7



**5. Angelique G. Tindall, PhD:**

Dr. Tindall was a treating physician for Plaintiff and performed a neuropsychological evaluation on April 18, 2017 concerning Plaintiff's post-concussive syndrome related to her fall at Gonzaga on February 15, 2017. Dr. Tindall may be called to testify regarding Plaintiff's psychological evaluation concerning: pain, depression, anxiety, cognitive changes, behavioral observations, cognitive functioning, emotional/behavioral functioning, and Dr. Tindall's impressions and recommendations regarding the above mentioned. Dr. Tindall may be called to testify that she referred Plaintiff to psychological counseling due to her increased anxiety and depression, speech difficulties, vestibular therapy, and physical therapy—post February 15, 2017 fall. Discovery has not been conducted to this witness, therefore the Plaintiff reserves the right to solicit testimony from Dr. Tindall as to any matter within the realm of her expertise that is reasonably related to the issues pending in this lawsuit.

## RESERVATIONS

Plaintiffs reserves their right to amend this disclosure and to call any witness listed on any witness disclosure provided by any other party, or any witness subsequently revealed through further investigation.

Dated this 2nd of September, 2019.

s/ Heather C. Barden
Heather C. Barden, WSBA #49316
Barden & Barden
heather@bardenandbarden.net
Phone 509-315-8089
Fax 509-381-2159
P.O. Box 8663
Spokane, WA 99203
Attorney for Plaintiff

PLAINTIFF'S AMENDED WITNESS LIST - 8

BARDEN & BARDEN

# CERTIFICATE OF SERVICE

I, Heather C. Barden, certify that on September 2, 2019 I caused the above document to be electronically filed with the Clerk of the Court using the CM/ECF System that automatically generates a Notice of Electronic Filling to all parties that are registered users of the CM/ECF System.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

> s/ Heather C. Barden
> Heather C. Barden, WSBA #49316
> Barden & Barden
> heather@bardenandbarden.net
> Phone 509-315-8089
> Fax 509-381-2159
> P.O. Box 8663
> Spokane, WA 99203
> Attorney for Plaintiff

PLAINTIFF'S AMENDED WITNESS LIST - 9

